## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHANNON ALBRIGHT,

        *Plaintiff*,

v.

        Case No. 23-cv-03242-EFM-GEB

TANNER HARBIN, et. al.,

        *Defendants*.

## MEMORANDUM AND ORDER

Before this Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 19). Pro se Plaintiff Shannon Albright, asserts a Fourteenth Amendment claim under 42 U.S.C. § 1983 against Defendants Josh Garver, Tanner Harbin, Elijah Ledesma, and Tyler Wenger. This claim stems from Defendants use of excessive force against Plaintiff as well as their failure to intervene while he was detained. Additionally, Plaintiff asserts state law claims of assault and battery against all Defendants. Plaintiff seeks relief in the form of declaratory judgment as to his Fourteenth Amendment claim and compensatory and punitive damages against all Defendants.[1] In their Motion, Defendants ask this Court to dismiss Plaintiff's claims because (1) they are barred by qualified immunity, (2) *Younger v. Harris*[2] abstention applies and bars this Court from exercising jurisdiction, or (3) this Court should stay the case pursuant to *Heck v. Humphry*.[3] Plaintiff fails to

---

[1] 28 U.S.C. § 2201.

[2] 401 U.S. 37 (1971).

[3] 512 U.S. 477 (1994).

respond to the Motion. Because *Younger* abstention applies, this Court grants Defendant's Motion as to the declaratory judgment claim without prejudice and stays a ruling on the compensatory and punitive damages claims until the state judicial proceedings are finalized.

## I.       Factual and Procedural Background[4]

Plaintiff is currently in custody at Larned State Correctional Facility run by the Kansas Department of Corrections. He brings this civil rights action against Defendants, who were all Correctional Officers (CO) at Harvey County Detention Center (HCDC) at the time of these events. Garver was a Lieutenant and shift officer in charge at HCDC at the time of these events. This case arises out of Plaintiff's allegations of excessive force against him by Defendants and their alleged failure to intervene during the instances of excessive force while he was detained at HCDC.

On March 29, 2022, Plaintiff requested a CO to contact the shift officer in charge, Garver, to discuss his lockdown status. The CO instructed Plaintiff to return to his cell so that conversation could occur. Plaintiff was adamant he would only speak to Garver and refused to obey the CO's instructions. The CO determined Plaintiff was noncompliant and requested a response team to the housing pod. The response team was formed by the four Defendants and moved to Plaintiff's housing pod.

Defendants entered the housing pod and immediately issued orders to Plaintiff to lock down. Plaintiff refused to comply until he spoke to Garver. Harbin, Ledesma, and Wenger advanced towards Plaintiff because he was noncompliant. Plaintiff fled upstairs and climbed over a railing on the second floor. While Plaintiff was over the railing, he pleaded with Defendants to

---

[4] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited and are considered true for the purposes of this Order.

let him speak with Garver. Defendants believed Plaintiff would jump from his position over the railing on the second floor and injure himself. To prevent this from happening they retrieved Plaintiff from over the railing. Then, Plaintiff was taken downstairs where Garver instructed him to return to his cell. Plaintiff complied and began moving to his cell.

Plaintiff was escorted to his cell by Harbin, Ledesma, and Wenger. At his cell, Plaintiff attempted to speak to Garver again. This caused Harbin and Wenger to shove Plaintiff into his cell and pin him against the wall. While Plaintiff was pinned against the wall Harbin allegedly punched him numerous times. Then, Ledesma entered Plaintiff's cell where he and Wenger watched Harbin continue to punch Plaintiff. While Ledesma and Wenger looked on, Harbin placed Plaintiff in a headlock. Plaintiff requested Ledesma and Wenger help him, but they took no action to stop Harbin.

Garver entered Plaintiff's cell where Harbin continued to hold Plaintiff in a headlock. Plaintiff requested Garver have Harbin release him, but Garver took no such action. Instead Garver ordered Plaintiff to present his hands to be restrained. Ledesma and Wenger took Plaintiff to the ground while he complied with Garver's order. Plaintiff was restrained by Garver to be escorted to a holding cell.  All Defendants escorted Plaintiff to a holding cell.

While being escorted to a holding cell, Wenger allegedly jerked Plaintiff's restraints multiple times, causing injury to his wrists. Garver, Harbin, and Ledesma took no action to stop Wenger from jerking Plaintiff by the restraints. After arriving at the holding cell Plaintiff requested to speak to Garver about his wrists. Garver contacted the nurse to have her evaluate Plaintiff's wrists for swelling and fractures. A few days later, the nurse evaluated Plaintiff's wrists and took x-rays. The nurse concluded that Plaintiff's wrists were not fractured and advised Plaintiff that the swelling would go down over time.

On May 18, 2022, Plaintiff was charged with battery on a CO in violation of Kansas state law in the District Court of Harvey County, Kansas. This charge relies on the same March 29, 2022, incident and underlying facts as Plaintiff's Complaint. On November 6, 2023, Plaintiff filed his complaint in the United States District Court of Kansas. On March 15, 2024, Defendants filed the present Motion, Plaintiff was mailed Notice of the Motion. However, Plaintiff has not filed any response.

## II.     Legal Standard

### A.  Pro Se Litigants

This Court notes that Plaintiff's filings were prepared pro se, therefore his complaint is held to "less stringent standards than formal pleadings drafted by lawyers."[5] A pro se litigant is entitled to a liberal construction of his pleadings.[6] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[7] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[8] However, Plaintiff still has a "burden of alleging sufficient facts on which a recognized legal claim could be based."[9]

---

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[7] *Id.*

[8] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

## B. *Younger* Abstention

*Younger* abstention is based "on notions of comity and federalism, which require federal courts to respect state functions and the independent operation of state legal systems."[10] "*Younger* [abstention] neither provides a basis for nor destroys federal jurisdiction, but it does determine when the federal courts must refrain from exercising jurisdiction."[11] Under *Younger* abstention, federal courts must abstain from exercising jurisdiction if  the "federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims."[12] Once these conditions are met, absent extraordinary circumstances, abstention under *Younger* is mandatory.[13] When *Younger* abstention applies, a court must dismiss without prejudice any claims for declaratory or injunctive relief and stay proceedings seeking damages.[14]

## III.    Analysis

Defendants assert this Court should grant their Motion on three different grounds. First, that under the alleged facts Defendants are entitled to qualified immunity and, thus, the complaint fails to state a valid claim. Second, that pursuant to *Younger* abstention this Court must abstain from exercising jurisdiction and dismiss the case without prejudice so the state judicial proceedings can continue unencumbered. Finally, Defendants seek to have the case stayed until the state judicial proceedings are finalized pursuant to *Heck*. Because the *Younger* abstention conditions are

---

[10] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44–45).

[11] *Chapman v. Barcus*, 372 F. App'x 899, 901, n.1 (10th Cir. 2010) (further citation, quotations, and brackets omitted).

[12] *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir.1999) (citations omitted).

[13] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

[14] *Chapman*, 372 F. App'x at 902.

satisfied and *Younger* abstention precludes this Court from exercising jurisdiction over Plaintiff's claims, it need not address the other two asserted grounds for dismissal.[15]

The first *Younger* condition is satisfied because these federal proceedings would "interfere with an ongoing state judicial proceeding."[16] A state criminal prosecution is a state judicial proceeding for the purposes of *Younger* abstention.[17] State judicial proceedings are considered ongoing based on the time the complaint was filed.[18] Here, Plaintiff's state criminal prosecution was initiated on May 18, 2022.[19] This means it was ongoing when Plaintiff filed his complaint in federal court on November 6, 2023.[20] The facts available to this Court show the state criminal prosecution has not been finalized. Because Plaintiff has failed to respond to the Motion, he did not provide the court with any facts or arguments that the state criminal prosecution has been finalized. Therefore, the first *Younger* condition is satisfied.

The second *Younger* condition is satisfied because these federal proceedings "implicate important state interests."[21] Kansas has an important state interest in prosecuting crimes in violation of state law.[22] Here, the state judicial proceedings allege Plaintiff battered an HCDC CO in violation of Kansas state law.[23] Kansas certainly has an important state interest in prosecuting Plaintiff for the battery of an HCDC CO. Therefore, the second *Younger* condition is satisfied.

---

[15] *Goings v. Sumner Cnty Dist. Atty's Off.*, 571 F. App'x 634, 639–40 (10th Cir. 2014).

[16] *J.B. ex rel. Hart*, 186 F.3d at 1291.

[17] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

[18] *Goings*, 571 F. App'x at 638.

[19] Doc. 19-1.

[20] Doc. 19-3.

[21] *J.B. ex rel. Hart*, 186 F.3d at 1291.

[22] *Goings*, 571 F. App'x at 638 ("The State of Kansas has a vital interest in prosecuting individuals believed to have committed crimes against others persons.").

[23] Doc. 19-1.

The third *Younger* condition is satisfied because the state proceedings afford "an adequate opportunity to raise the federal claims."[24] State judicial proceedings afford an "adequate opportunity" if the plaintiff can raise and have a competent state court decide the claims in the federal complaint.[25] "[A] federal court should assume that the state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."[26] To rebut this assumption, Plaintiff has the burden to show that the state procedural law prevents him from presenting his federal claims in the state judicial proceedings.[27] However, Plaintiff's own failure to present the federal claims in state court does not render the state judicial proceedings inadequate.[28]

Here, the ongoing state judicial proceedings are in the District Court of Harvey County. It has been repeatedly determined by this Court that the state district courts of Kansas are an adequate forum to address constitutional claims.[29] Thus, this Court will assume that the District Court of Harvey County provides Plaintiff with an adequate opportunity to raise his federal claims. Plaintiff neglects to even attempt to rebut the assumption. He has neither asserted nor provided evidence that he is prevented from presenting his federal claims in the state judicial proceedings. Plaintiff failed to respond to this Motion, and thus, the record does not indicate that he attempted to present his federal claims to the District Court of Harvey County. Even assuming Plaintiff failed to present

---

[24] *J.B. ex rel. Hart*, 186 F.3d at 1291.

[25] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

[26] *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

[27] *Lambeth v. Miller*, 363 F. App'x 565, 568 (10th Cir. 2010).

[28] *Lofland v. City of Shawnee*, 2016 WL 5933514, at *3 (D. Kan. Oct. 12, 2016) (citing *Juidice v. Vail*, 430 U.S. 327, 330 (1977); *Phillips v. Martin*, 535 F. Supp. 2d 1210, 1215–16 (D. Kan. 2008)).

[29] *See McCollum v. Kansas*, 2014 WL 3341139, at *5 (D. Kan. July 8, 2014); *Tinner v. Foster*, 2012 WL 1473417, at *4 (D. Kan. Apr. 27, 2012).

his federal claims in state court, his own failure does not render the state judicial proceedings inadequate. Therefore, Plaintiff fails to meet his burden to show that he was prevented from presenting his federal claims in the state judicial proceedings.[30] Thus, the third *Younger* condition is satisfied.

When the *Younger* conditions are satisfied, a federal court must abstain from hearing the case unless extraordinary circumstances exist.[31] Extraordinary circumstances apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."[32] Plaintiff has the burden to assert more than mere allegations of bad faith, harassment, or other extraordinary circumstances to overcome *Younger* abstention.[33]

Here, the record does not indicate that the state judicial proceedings were commenced in bad faith or to harass Plaintiff. Nor does Plaintiff assert extraordinary circumstances through which an irreparable injury can be shown. Therefore, Plaintiff fails to meet his burden of showing that extraordinary circumstances exist to overcome *Younger* abstention. Because *Younger* abstention applies, this Court grants Defendant's Motion as to the declaratory judgment claim without prejudice and stays a ruling on the compensatory and punitive damages until the state judicial proceedings are finalized.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 19) is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order.

---

[30] *Chapman*, 372 F. App'x at 902 ("The record provides no indication that [plaintiff] was prevented from presenting his claims in state court… fulfilling the third condition.")

[31] *Phelps v. Hamilton*, 59 F.3d 1058, 1063–l64 (10th Cir. 1995).

[32] *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

[33] *Phelps*, 59 F.3d at 1066.

**IT IS FURTHER ORDERED** that Plaintiff's claim for declaratory judgment is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the claims for compensatory and punitive damages are **STAYED** until the above referenced state judicial proceedings are finalized.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE